IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00343-NRN

FLORENCE MARONEY,

Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER

---

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff Florence Maroney was not disabled for purposes of the Social Security Act. AR[1] 31. Ms. Maroney has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #11.

### Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007).

---

[1] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. Dkt. ##9, and 9–1 through 9–24.

"Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Background

At the second step of the Commissioner's five-step sequence for making determinations,[2] the ALJ found that Ms. Maroney

> has the following severe impairments: Degenerative Disc Disease of the Cervical Spine, status post C3-C7 Fusion; Chronic Obstructive Pulmonary Disease (COPD); Obstructive Sleep Apneal Schizoaffective Disorder; Unspecified Dissociative Disorder; Major Depressive Disorder; Post-Traumatic Stress Disorder (PTSD); and Substance Abuse (20 CFR 416.920(c)).

AR 17. Ms. Maroney's "additional impairment of status post cataract surgery and history of right scaphoid fracture and ulnar shaft fracture are non-severe." AR 17–18.

---

[2] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

The ALJ then determined at step three that Ms. Maroney does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the regulations. AR 18–21. Because she concluded that Ms. Maroney did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Ms. Maroney has the following residual functional capacity ("RFC"):

> . . . [Ms. Maroney] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant could occasionally climb ramps and stairs but could never climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. The claimant could frequently reach laterally but only occasionally reach overhead bilaterally. The claimant could never have concentrated exposure to extreme cold, heat, or humidity. The claimant could never have concentrated exposure to dusts, fumes, gases, or other pulmonary irritants. The claimant could never work at unprotected heights or around dangerous machinery. The claimant could perform simple tasks and make simple work-related decisions. The claimant could tolerate occasional interaction with supervisors and coworkers but no interaction with the general public.

AR 21–22.

The ALJ found that Ms. Maroney had no past relevant work. AR 29. The ALJ concluded that considering her age, education, work experience, and RFC, Ms. Maroney could perform jobs that exist in significant numbers in the national economy, such as production assembler, poultry dresser, and routing clerk. AR 29–30. Accordingly, Ms. Maroney was deemed not to have been under a disability from January 27, 2016, through April 3, 2019, the date of the decision. AR 31.

**Analysis**

Ms. Maroney argues that the ALJ's finding that she was not disabled is not supported by substantial evidence. Specifically, she claims that the ALJ: (1) failed to analyze the combined effects of her impairments on her ability to work; (2) failed to adequately weigh the medical evidence and opinions; and (3) erred by not allowing cross-examination of an investigator and a non-examining physician. Ms. Maroney asks the Court to remand the case for further proceedings. The Court will address each argument in turn.

**I.    The ALJ considered the combined effects of Ms. Maroney's impairments.**

"At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123–24 (10th Cir. 2004) (quoting 20 C.F.R. § 404.1523(c)). If the claimant's combined impairments are medically severe, the ALJ must consider "the combined impact of the impairments throughout the disability determination process." *Id.* (ellipses omitted). A claimant will not be considered disabled if he or she does not have a medically severe combination of impairments. 20 C.F.R. § 404.1523(c). Similarly, when assessing a claimant's RFC, the ALJ must consider all medically determinable impairments, including those that are not severe. *See* 20 C.F.R. § 404.1545(a)(2).

At the hearing, Ms. Maroney's counsel conceded that the ALJ did consider her various impairments, including her mental impairments in combination, but

failed to account for the effects of Ms. Maroney's combined physical *and* mental impairments. The Court cannot agree.

The ALJ discussed Ms. Maroney's physical and mental impairments, both severe and non-severe, and considered whether the impairments, or combination of impairments, met or medically equaled a listing. *See* AR 18 ("Although the undersigned has determined that these impairments are not severe, the limiting effects of all the claimant's impairments, even those that are not severe, were considered when determining the claimant's residual functional capacity below."). Then, in assessing Ms. Maroney's RFC, the ALJ discussed in detail her physical impairments, including her ongoing back pain (AR 23), COPD (AR 24), and sleep apnea (AR 25). She then went on to address Ms. Maroney's numerous severe mental health impairments. AR 26–27. The ALJ unambiguously stated that "[d]ue to the overlapping nature of these impairments, the undersigned considered them in combination." AR 26. As the Tenth Circuit has instructed, the "general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). The Court finds no reason to deviate from that practice here. Given her in-depth discussion of Ms. Maroney's physical and mental impairments, the Court credits the ALJ's assertion that she "considered all [of Ms. Maroney's] symptoms" (AR 22), singly and in combination. *See Flaherty v. Astrue,* 515 F.3d 1067, 1071 (10th Cir. 2007) ("Because the record reflects that the ALJ considered [the claimant's] impairments in combination, we will not disturb his determination.").

## II.     The ALJ properly weighed the medical evidence and opinions.

Ms. Maroney maintains that the ALJ gave "controlling weight" to the opinions of non-treating, non-consultative medical experts, and improperly discounted the opinions of her treating physicians.

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 401.1527(d)). "The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(1), (2); 20 C.F.R. § 416.927(1), [3] (2); SSR 96–6p, 1996 WL 374180, at *2). No matter the relationship, however, the ALJ must "give consideration to all the medical opinions in the record" and "discuss the weight he assigns to them." *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (internal quotation marks omitted).

The ALJ must consider the following factors when evaluating all medical opinions:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician

---

[3] 20 C.F.R. § 416.927 applies to claims, like Ms. Maroney's, that were filed before March 27, 2017. For claims filed on or after March 27, 2017, the rules in § 416.920c apply.

> is a specialist in the area upon which an opinion is rendered; and
> (6) other factors brought to the ALJ's attention which tend to
> support or contradict the opinion.

*Allman v. Colvin,* 813 F.3d 1326, 1331–32 (10th Cir. 2016). Neither the regulations nor the Court require a factor-by-factor recitation, but the ALJ's findings must be "sufficiently specific to make clear" the weight assigned to the source opinion and the reasons for that weight. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (internal quotation marks omitted).

The Court first notes that the ALJ did not give "controlling weight" to any medical opinion. Instead, she assigned "great weight" to Dr. Ammie Maravelli's June 2018 opinion (AR 27), and "significant weight" Dr. Mark Suyeishi's May 2016 opinion. AR 28. She gave less weight to the May 2016 opinion by examining physician Dr. Samuel Rubinson because it was inconsistent with other evidence of record, including Dr. Rubinson's own examination, and because it gave undue weight to Ms. Maroney's subjective complaints. AR 27–28. However, the ALJ did not merely parrot to Dr. Maravelli's and Suyeishi's opinions and reject Dr. Rubinson's wholesale. Instead, in formulating the RFC finding, she moderated the limitations contained in the former and adopted portions of the latter. The Court finds that the ALJ's treatment of these medical opinions was appropriate and supported by substantial evidence. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (ALJ's finding a physician's opinion is not entitled to the conclusive weight of a treating medical-source opinion "is not by itself a basis for rejecting [the opinion]—otherwise the opinions of consultative examiners would essentially be worthless, when in fact they are often fully relied on as the dispositive basis for RFC findings").

Ms. Maroney also argues that the ALJ ignored other treatment records, including those by medical sources who treated Ms. Maroney over a long period of time. While it is true that an ALJ should, in general, give greater weight to the opinion of a treating physician than to that of a consultant or non-examining physician, *see Langley*, 373 F.3d at 1119, "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants . . . may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6P, 1996 WL 374180, at *3. Here, the treatment records cited by Ms. Maroney, many of which long predate January 27, 2017, do not contain opinion evidence that provides work-related functional limitations. Nor was the ALJ required to discuss every treatment note contained in the record. *See Wall v. Astrue*, 561 F.3d 1048, 1067 (10th Cir. 2009).

Moreover, at the hearing, Ms. Maroney's counsel acknowledged that the ALJ did not ignore her longitudinal history. Instead, he noted that there was evidence that was consistent with Ms. Maroney's testimony and a finding that she is unable to work. This misapprehends the Court's standard of review in these appeals. The Court is empowered only to review whether the ALJ's decision is supported by substantial evidence. *See Oldham*, 509 F.3d at 1257 ("We review only the sufficiency of the evidence, not its weight.") This "limited scope of review precludes this court from reweighing the evidence or substituting our judgment for that of the [Commissioner]." *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992). The Court declines Ms. Maroney's invitation to reweigh the evidence in this case.

**III.     The ALJ did not err by not allowing Ms. Maroney to cross-examine an investigator and a non-examining physician.**

Finally, Ms. Maroney argues that the ALJ should have permitted her counsel to cross-examine: (1) someone from the Denver Cooperative Disability Investigations Unit ("CDI") regarding a report that was made part of the record prior to the two administrative hearings in this case; and (2) Disability Determination Services medical consultant Dr. Maravelli, who issued a medical opinion after the conclusion of the first hearing. The Court rejects Ms. Maroney's contention.

Pursuant to 20 C.F.R. § 404.950(d)(1), "[w]hen it is reasonably necessary for the full presentation of a case, an administrative law judge . . . may, on his or her own initiative or at the request of a party, issue subpoenas for the appearance and testimony of witnesses . . .." If a claimant requests that a witness be subpoenaed, she must "state the important facts that the witness or document is expected to prove . . . and indicate why these facts could not be proven without issuing a subpoena." 20 C.F.R. § 416.950(d)(2).

During the proceedings below, the ALJ overruled Ms. Maroney's objection to the admission of the CDI report. AR 14. The ALJ determined that cross-examination of the CDI investigator was not reasonably necessary for the full and fair presentation of the evidence for several reasons. First, the ALJ pointed out that cross-examination was unnecessary given administrative nature of the hearing. Next, the ALJ noted that the Ms. Maroney's objection went to the weight of the evidence, as opposed to admissibility. Finally, the ALJ observed that a video accompanied the report, rendering cross-examination unwarranted. *Id.* In

addition, the Commissioner states that the ALJ only relied on the CDI report to make limited findings. *See* Dkt. #14 at 15 (citing three instances where the ALJ relied on the report).

The Court finds that the ALJ's refusal to permit Ms. Maroney to subpoena the CDI investigator to testify at the administrative hearings does not justify remand. First, a claimant's right to cross-examine is not absolute; "the regulations provide the ALJ discretion to issue a subpoena when 'reasonably necessary for the full presentation of a case[.]'" *Passmore v. Astrue*, 533 F.3d 658, 661–62 (8th Cir. 2008) (quoting 20 C.F.R. § 404.950(d)(1)). For the reasons stated on the record, the ALJ exercised sound discretion in not requiring cross-examination of the CDI investigator. Ms. Maroney did not establish, below or on appeal, that examination of the investigator was necessary in light of the fully developed record. Moreover, even if references to the report were removed from the final decision, the ALJ's determination of non-disability was still supported by substantial evidence, given, as the Commissioner notes, the ALJ's limited reliance on the report and the fact that the report's observations were in line with other evidence presented to and considered by the ALJ.

As to the opinion evidence of Dr. Maravelli, the Tenth Circuit has recognized that an "ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician *or to rebut the report*." *Allison v. Heckler*, 711 F.2d 145, 147 (10th Cir. 1983) (emphasis added). Here, however, Ms. Maroney was given the opportunity rebut Ms. Maravelli's report at the second, supplemental

administrative hearing. While it is true that the ALJ denied Ms. Maroney's request to make Dr. Maravelli available to testify at this hearing, as discussed above, the ALJ has the discretion to make this decision. Dr. Maravelli's opinion was in the record, the same as the opinions of the other medical experts. Ms. Maroney was free to submit her own examinations or opinions to counter Dr. Maravelli's opinion, or any other in record. Thus, her due process rights were not abridged.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is **AFFIRMED** Plaintiff's Complaint and Petition for Review (Dkt. #1) is **DISMISSED**.

Dated this 30th day of December, 2020.

BY THE COURT:

_____

N. Reid Neureiter
United States Magistrate Judge